OCTOBER AND NOVEMBER TERM, 1881, No. 94.

# Montour Railroad Co. *versus* Scott.

While the cost of fencing cannot be allowed as a distinct item of damages, where land has been taken by a railroad company, yet the jury may consider how much the burden of fencing would detract from the value of the land.

ERROR to the Court of Common Pleas, No. 1, of *Allegheny County*.

Appeal of John Scott, Eliza Jane Scott, John Gilfillan and Mary his wife, and Mary Scott, from the report of viewers awarding damages to the appellants for land taken by the Montour Railroad Company.

The award of the viewers gave the plaintiffs $512.50 as damages.

Upon the trial before STOWE, J., evidence was given by the plaintiffs, *inter alia*, to show that a considerable amount of fencing would be required for about three-fourths of a mile on each side of the road. It would cost about a dollar and twenty cents to two dollars a rod, beside the labor of construction. It could not be built for less than $550. It was necessary that a fence should be built on each side of the road.

The Court charged the jury, *inter alia*, as follows:

" Then we come to another question: When you cut a farm in two pieces there is fencing, and the cost of fencing, so far as is necessary to protect the property in the hands of the plaintiff for the uses he may desire it to be put to, should be allowed. It is said in this case—some suggestions made—that people are not in the habit of fencing nowadays as much as they used to, but it has been said by the Supreme Court in cases, that fences are a part of the damage that ought to be allowed by juries, and the practice seems to be, that people should fence their property. If they are along

[Montour Railroad Co. *v.* Scott.]

the line of a railroad, they cannot very well use their land, so far as the pasture is concerned, or put anything on it that has the ability to move off, and they would run the risk of trespassing upon the railroad, where their horses and cattle might be killed, for which they could receive no compensation. Therefore, I can see no reason why, in this case, the cost of fencing should not be allowed as an element of damage."

Counsel for defendant excepted to the charge.

January 28th, 1881, verdict for the plaintiffs for $1800, on which judgment was subsequently entered.

Defendant then took a writ of error, assigning as error the portion of the charge above given.

*Rodgers & Oliver,* for plaintiff in error.

The learned Judge, in that portion of his charge which is assigned for error, assumed that a fence was necessary in this case, and charged that its cost was to be allowed.

The rule laid down is at variance with the true rule, as stated in the Delaware, Lackawanna & Western Railroad Co. *v.* Burson, 11 P. F. Smith, 369, and Penna. & N. Y. Railroad Co. *v.* Bunnel, 31 P. F. Smith, 427.

*A. M. Brown* for defendant in error.

The rule is not doubtful. The very question has arisen in several cases, among them Danville H. & W. Railroad Co. *v.* Gearhart, 32 P. F. Smith, 260–262 ; Pittsburgh, V. & C. Railroad Co. *v.* Rose, 24 P. F. Smith, 362.

In assessing damages caused by the construction of a railroad through lands of an individual, the inconvenience arising from a division of the property, or from increased difficulty of access, and the cost of additional necessary fencing, are proper elements for the consideration of a jury. Such damages are the direct and immediate result of the construction of the road : Watson *v.* P. & C. Railroad Co., 37 Pa. St., 469 ; East Pa. Railroad Co. *v.* Hiester, 40 Pa. St., 53 ; Pittsburgh, V. & C. Railroad Co. *v.* Rose, 74 Id., 362.

OCTOBER 17TH, 1881.—PER CURIAM : The only question presented on this record is, whether the charge of the Court was right on the subject of fencing. Whilst it is true, according to our decisions, the cost of fencing cannot be allowed as a distinct item of damages, yet how much the burden of fencing would detract from the value of the land, may be considered by the jury. We think the learned Judge below very accurately limited the consideration of the jury to the cost of fencing " as an element of damages."

Judgment affirmed.